**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                **Criminal Action No. 3:09-CR-46,
Def. Nos. 2 and 3**

**JESSE ALLEN JARVIS AND**                **JUDGE BAILEY**
**LATEEF JABRALL MCGANN,**

      **Defendants.**

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING
THAT THE DISTRICT COURT DENY DEFENDANTS' MOTIONS TO SUPPRESS
[52][61]**

## I.     INTRODUCTION

On July 8, 2009, this matter came before the Court for an evidentiary hearing on Defendants Jesse Allen Jarvis and Lateef Jabrall McGann's ("Defendants") Motions to Suppress [52][61]. Defendant Jesse Allen Jarvis appeared in person and by counsel Robert E. Barrat, Esq.; Defendant Lateef Jabrall McGann appeared in person and by counsel, Eric S. Black, Esq.; and the United States (the "Government") appeared by counsel Paul T. Camilletti, Assistant United States Attorney.

Following the hearing, the Court gave the parties additional time to file a supplemental memorandum, and the undersigned Magistrate Judge now issues this Report and Recommendation on Defendants' Motions to Suppress [52] [61].

## II. PROPOSED BACKGROUND TO THE DISTRICT COURT

### A. Proposed Background for Defendants' Motions to Suppress

1. On May 19, 2009, the Federal Grand Jury for the Northern District of West Virginia, Martinsburg Division, indicted Defendants and a third defendant, Gabriel Christopher McGuire, aka "Ziggy," with conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base. Defendants Jarvis and McGann are also indicted with felon in possession. Defendant Jarvis is also indicted with possession of a firearm with an obliterated serial number.

2. On December 4, 2008, Detective Scott Doyle approached a State Magistrate Judge, Honorable Sandra Miller, for issuance of a search warrant. Tr. of July 8, 2009 Hearing Doc. 74 at 4-5.

3. The search warrant alleges that "Siggy Maguire" (sic) distributed heroin at the residence of 110 South Kentucky Avenue, Martinsburg, West Virginia. Doc. 66 Ex. 2.

4. On December 8, 2008, the Martinsburg Police Department and the Eastern Panhandle Drug and Violent Crimes Task Force ("Task Force") executed the search warrant. Tr. at 38-40.

5. On June 25, 2009, Defendant Jarvis filed a Motion to Suppress [52].

6. On July 2, 2009, Defendant McGann filed a Motion to Join Defendant Jarvis' Motion to Suppress [61], and the Government filed a Response to the Motion to Suppress [62].

7. On July 8, 2009, the Court held an evidentiary hearing on Defendants' motions. The Court provided the parties with additional time to file a supplemental memorandum to the pending motions to suppress, if the parties wished to do so.

8. On July 22, 2009, Defendant Jarvis filed a Supplemental Memorandum [Doc. 75].

**9.** On July 24, 2009, the Government filed a Response to Defendant Jarvis' Supplemental Memorandum [Doc. 76].

### III. ANALYSIS FOR REPORT AND RECOMMENDATION THAT THE DISTRICT COURT DENY DEFENDANTS' MOTIONS TO SUPPRESS [52][61]

### A. Report and Recommendation that the District Court Find that the Search Warrant Affidavit was Properly Executed by Oath or Affirmation

Defendants contend that Detective Doyle did not properly execute the search warrant affidavit by oath or affirmation. Doc. 52 at 2. At the evidentiary hearing, the Government submitted a "Search Warrant" and an "Affidavit and Complaint for Search Warrant" into evidence. [Doc. 66 Ex. 1 & Ex. 2]. Detective Doyle testified that he and Magistrate Miller signed three original documents: two originals of the "Search Warrant" and one original of the "Affidavit and Complaint for Search Warrant." Tr. at 18. Detective Doyle testified that one "Search Warrant" original is for the court return following the search [Ex. 2]; one "Search Warrant" original is for the defendant; and the "Affidavit and Complaint for Search Warrant" original is filed with the Magistrate Court Clerk. Tr. at 9 & 18. At the bottom of the "Affidavit and Complaint for Search Warrant," and below Detective Doyle's signature, it reads: "Taken, subscribed and sworn to before me this 4th day of December 2008," and is signed by Magistrate Miller. Doc. 66 Ex. 1. There are three pages attached to the "Affidavit and Complaint for Search Warrant," including a two page "Affidavit" and a one page "Items to be Seized." Doc. 66 Ex. 1. These three pages are unsigned. Doc. 66 Ex. 1.

> [T]he Court...find[s] that the search warrant and accompanying document satisfy the requirements of the Fourth Amendment. The Fourth Amendment's Warrant Clause provides: "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Courts generally interpret the Warrant Clause to require that warrants (1) be issued by a neutral and detached magistrate; (2) contain a particular description of the place to be

> searched and the persons or things to be seized; and (3) be based upon probable cause supported by oath or affirmation. *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994). The Warrant Clause does not require a signed and sworn affidavit, but only that probable cause be supported by oath or affirmation. *Id.* The sworn declaration of [the] officer signed in the presence of [the] Magistrate on the document titled "Search Warrant," combined with the reference to the document titled "Affidavit for Search Warrant," contained in the "Search Warrant," are sufficient to satisfy the requirement that probable cause be supported by oath or affirmation. Accordingly, the Court denies [defendant's] motion to suppress because of a defective affidavit.

*U.S. v. Henry*, 931 F. Supp. 452 (S.D. W. Va. 1996). In the case, *sub judice*, Detective Doyle made a sworn declaration on the document titled "Affidavit and Complaint for Search Warrant," which satisfies the requirements of the Fourth Amendment. Therefore, the undersigned Magistrate Judge recommends that the District Court find that the search warrant affidavit was properly executed by oath or affirmation.

### B. Report and Recommendation that the District Court Find that the State Magistrate Judge Remained Neutral and Detached when Issuing the Search Warrant

Defendants contend that Magistrate Miller was not neutral or detached because she is the mother of Sergeant Kevin Miller, who is one of the officers on the Task Force. Doc. 52 at 2. At the evidentiary hearing, Detective Doyle of the Martinsburg City Police Department testified that he drafted the search warrant and then approached Magistrate Miller for its issuance. Tr. at 4-5. Magistrate Miller testified that she decides whether to issue a search warrant based solely on the allegations in the affidavit. Tr. at 20. Magistrate Miller stated that she was not told that the allegations in the search warrant affidavit were related to Detective Doyle by Sergeant Miller. "Officers...cannot rely on a warrant where the magistrate has wholly abandoned his neutral and detached role." *U.S. v. Owens*, 848 F.2d 462 (4th Cir. 1988). Since Sergeant Miller did not himself

approach Magistrate Miller to issue the search warrant and since Magistrate Miller was unaware that the allegations were related to Detective Doyle by Sergeant Miller, the State Judge did not abandon her neutral and detached role when she issued the search warrant. Therefore, the undersigned Magistrate Judge recommends that the District Court find that the State Magistrate Judge remained neutral and detached when issuing the search warrant.

### C. Report and Recommendation that the District Court Find that the Allegations in the Search Warrant that Sergeant Miller Related to Detective Doyle were Credible and Reliable

Defendant Jarvis argues that the search warrant is defective because Sergeant Miller related the allegations in the warrant to Detective Doyle, but the search warrant did not cite Sergeant Miller as the source of the allegations. Doc. 75 at 1. At the evidentiary hearing, Detective Doyle testified that Sergeant Miller verbally related the circumstances surrounding two controlled purchases that he monitored as a member of the Task Force. Tr. at 11. Detective Doyle then wrote the search warrant affidavit based on the information from Sergeant Miller. Tr. at 6-7 & 30.

> [H]earsay may be the basis for issuance of the warrant "so long as there (is) a substantial basis for crediting the hearsay." *Jones v. United States*, 362 U.S. 257, 272, 80 S. Ct. 725, 736 (1960). And, in *Aguilar v. State of Texas*, 378 U.S. 108, 84 S. Ct. 1509, we recognized that "an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant," so long as the magistrate is "informed of some of the underlying circumstances" supporting the affiant's conclusions and his belief that ***any informant involved "whose identity need not be disclosed was 'credible' or his information 'reliable.'"*** *Aguilar*, 378 U.S. at 114, 84 S. Ct. at 1514...
>
> ***Observations of fellow officers...engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.***

*See U.S. v. Ventresca*, 380 U.S. 102, 108 & 111, 85 S. Ct. 741, 746-47 (1965) (emphasis added).

The hearsay allegations in the affidavit, which were related to Detective Doyle by a fellow officer, were credible and reliable in accordance with *Ventresca*. Therefore, the undersigned Magistrate Judge recommends that the District Court find that the allegations in the search warrant that Sergeant Miller related to Detective Doyle were credible and reliable.

### D.     Report and Recommendation that the District Court Find that the Simultaneous Arrest of Defendant McGuire at Another Location Did Not Negate the Probable Cause in the Search Warrant for the Residence

Defendants contend that the search warrant is defective because Defendant McGuire was arrested at another location at the same time as the Task Force was executing the search warrant at the residence. Doc. 75 at 3. At the evidentiary hearing, Trooper Michael Cole testified that on December 8, 2008, he conducted a traffic stop on Defendant McGuire after confirming through communications that he did not possess a valid driver's license. Tr. at 36. Trooper Cole then contacted Corporal Brian Bean because he was aware that Defendant McGuire was the target of an ongoing narcotics investigation. Tr. at 36. However, until he spoke with Corporal Bean, Trooper Cole was unaware that the Task Force was executing a search warrant of the residence at the same time as the arrest. Tr. at 36.

On the "Affidavit and Complaint for Search Warrant" it states that in Berkeley County, West Virginia, "Siggy Maguire" (sic) did unlawfully and feloniously deliver and possess with intent to deliver a Schedule I controlled substance, to-wit, heroin." *See* Doc. 66 Ex. 1. In the attached "Affidavit," it states that on December 1 and December 4, 2008, two controlled purchases were made at 110 South Kentucky Avenue, Martinsburg, from "Siggy Maguire" (sic). *See* Doc. 66 Ex. 1. The "Affidavit" states that the officer believes that the residence will contain controlled substances, firearms, currency, and proof of occupancy. *See* Doc. 66 Ex. 1. Defendants contend that

the search warrant became stale once Trooper Cole arrested Defendant McGuire. Doc. 75 at 3. However, the Court notes that the subject warrant was a search warrant to search for items in a residence and was not an arrest warrant.

> Police officials are required to use diligence in the execution of *arrest* warrants. They may not hold one unexecuted for an unreasonable period of time in the hope that they may ultimately find the defendant in a house or other building which they would like to search, *but which they could not lawfully search except as an incident of a lawful arrest*.

*U.S. v. Weaver*, 384 F.2d 879 (4th Cir. 1967) (emphasis added). In the instant case, the Court reviews the search warrant as to whether or not it contains probable cause, not whether or not a suspect will be located at the residence at the time of the search.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, *there is a fair probability that contraband or evidence of a crime will be found in a particular place.* And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *See Jones v. United States*, 362 U.S. 257, 80 S. Ct. 725 (1960).

*Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983) (emphasis added). The warrant cited two controlled purchases that were made at 110 South Kentucky Avenue and alleged that the officer would discover controlled substances, firearms, currency, and proof of occupancy. The officer would have probable cause to seize these items notwithstanding the presence of the alleged suspect, Defendant McGuire. Therefore, the undersigned Magistrate Judge recommends that the District Court find that the simultaneous arrest of Defendant Mcguire at another location did not negate the probable cause in the search warrant for the residence.

## IV.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **DENY** Defendants' Motions to Suppress [52][61].  The Court notes the Defendants' objections to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any counsel of record may file with the Clerk of the Court any written objections to this Recommendation.  The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection.  The party shall also submit a copy of any objections to the Honorable John P. Bailey.  Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation.  28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: July 31, 2009**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE