# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESSE JARVIS,**

        **Plaintiff,**

                                            **Civil Action No. 3:10cv56**

**v.**                                                  **Criminal Action No. 3:09cr46-2**
                                                            **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On June 1, 2010, the *pro se* petitioner filed a "Motion Pursuant to § 2255 Challenging Career Criminal Enhancement." This case is before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### I. Procedural History

**A. Conviction and Sentence**

On May 19, 2009, petitioner, along with two others, was indicted on six counts with drug and firearms violations. [Dckt. 1]. Petitioner was named in Count Two of the indictment for the distribution of 1.13 grams of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [Dckt. 1]. Further, petitioner also was named in Count Six of the indictment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Dckt. 1]. Petitioner previously was convicted for wanton endangerment in Case No. 07-F-103, in the Circuit Court of Berkeley County, West Virginia, and a conviction for unlawful wounding in Case No. 07-F-187 in Circuit Court of Berkeley County, West Virginia. [Dckt. 1].

Petitioner entered a plea agreement on September 1, 2009, before a magistrate judge, pertaining to counts two and six of the indictment. [Dckt. 96]. The agreement stipulated to a maximum penalty of imprisonment for not more than twenty (20) years, a fine of $1,000,000, and a term of at least three (3) years supervised release. [Dckt 96]. Additionally, petitioner waived his right to appeal or to collateral attack his conviction and sentence. [Dckt 96]. Specifically, the petitioner's plea agreement contained the following language regarding waiver:

> 12. Defendant is aware that Title 18, United States Code, 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

[Dckt 96].

The Court advised petitioner of his potential penalty, and informed him that his sentence could not be determined until a pre-sentence report had been prepared. [Dckt 157, Plea Hr'g Tr. 15-16]. The Court further advised petitioner that if the sentencing Court accepted petitioner's guilty plea, regardless of the sentence imposed, petitioner was bound by his plea and waived his right to withdraw the plea and to appeal his sentence. [*Id.* at 17].

At the time of his plea, petitioner was 21 years old with a tenth grade education. [*Id.* at 4]. The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. [*Id.* at 10]. The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. [*Id.* at 10-11]. Petitioner stated that he

understood and agreed with all of the terms and conditions of the plea agreement. [*Id.* at 11-12]. The Court then reviewed all the rights petitioner was giving up by pleading guilty. [*Id.* at 17-19]. During the plea hearing, the Government presented the testimony of Brian Bean, of the West Virginia State Police, Bureau of Criminal Investigations, and Eastern Panhandle Drug and Violent Crimes Task Force to establish a factual basis for the plea. [*Id.* at 20-24]. The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Two and Count Six of the indictment. [*Id.* at 24-25]. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. [*Id.*] In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. [*Id.*] The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. [*Id.* at 26] Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. [*Id.*]

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. [*Id.*] The petitioner did not object to the Court's finding.

On December 14, 2009, the petitioner appeared before the Court where he received a sentence of 151 months imprisonment on Count Two, and 120 months on Count Six to be served concurrently. [Dckt 131, 132]. The District Court adopted the Pre Sentence Report without change. [*Id.*] The District Court calculated Jarvis' Total Offense Level at 29, his Criminal History Category at VI, and his suggested advisory sentencing range of 151-188 months. [*Id.*] Petitioner was sentenced

to 151 months — the lowest end of that range. [*Id.*]

**B. <u>Direct Appeal</u>**

Petitioner did not pursue a direct appeal.

**C. <u>Federal Habeas Corpus</u>**

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) ineffective assistance of counsel for inadequately investigating career offender enhancement;

(2) unknowing and involuntary waiver of right to appeal and collateral attack; and

(3) erroneous classification as career offender under the United States Sentencing Guidelines.

## II. <u>Analysis</u>

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States of America</u>, 2006 WL 36859 (E.D.Va Jan. 4, 2006).

**A. <u>Sentencing Enhancement</u>**

Petitioner alleges that he was classified erroneously as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2002). Petitioner should have addressed this issue on direct appeal, and his failure to do so, results in procedural default.

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456

U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

In this case, petitioner's claim regarding his career offender status should have been raised on direct appeal and is now procedurally defaulted, unless the petitioner can show cause and prejudice for the default or that a miscarriage of justice would result from refusing to entertain a collateral attack. Although petitioner claims the error that resulted from his counsel's alleged deficiencies show cause for collateral review, petitioner's theory does not demonstrate error that resulted in an "actual and substantial disadvantage" because "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999). Section 2255 habeas cases are reserved "for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while Section 2255 applies to violations of statutes establishing maximum sentences it

5

does not usually apply to errors in the application of the sentencing guidelines." *Id.* at 284 (citations omitted).

Petitioner does not argue his sentence is "in excess of the maximum authorized by law," but rather that he was erroneously classified as a career offender. Additionally, even if the sentencing Court misapplied the enhancement under the Sentencing Guidelines, petitioner's sentence is still well under the maximum sentence he agreed to in his plea agreement, and about which the Court advised him during his plea hearing.

Assuming petitioner stated a claim sufficient for the purposes of § 2255 habeas relief, the District Court did not err in applying the career offender enhancement to his sentence.

In determining whether petitioner erroneously received the career offender enhancement, the Court must inquire into petitioner's prior convictions. United States v. Brandon, 247 F.3d 186 (4th Cir. 2001). "When determining whether a prior conviction can support enhanced sentencing under section 924(e), courts use a 'categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *Id.* at 188 (citing Taylor v. United States, 495 U.S. 575, 600, (1990)).

Under U.S.S.G. §4B1.1, "[a] defendant is a career offender if 1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* Petitioner argues that his two previous felony convictions are not crimes of violence as determined by the District Court.

The Sentencing Guidelines define a crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

Prior to the conviction at issue, petitioner previously was convicted for two other felonies: 1) wanton endangerment, in violation of West Virginia Code § 61-7-12 (2011), and 2) unlawful wounding in violation of West Virginia Code § 61-2-9 (2004).

Under W. Va. Code § 61-7-12, "[a] person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another . . ." is guilty of a felony and "shall be confined in the penitentiary for a definite term of years of not less then one year . . ." As defined by West Virginia statute, petitioner's felony conviction for wanton endangerment is a crime of violence for the purposes of the career offender enhancement. U.S.S.G. § 4B1.1.

Further, "any person [who] maliciously shoot[s], stab[s], cut[s] or wound[s] any person, or by any means cause[s] him bodily injury with intent to maim, disfigure, disable or kill . . ." is guilty of a felony, and ". . . upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years . . . ." W. Va. Code. § 61-2-9. As defined by West Virginia statute, petitioner's felony conviction for unlawful wounding also is a crime of violence for the purposes of the career offender enhancement. U.S.S.G. § 4B1.1.

After a review of the statutory definitions of petitioner's prior convictions, petitioner's prior offenses clearly fall within the scope of "crimes of violence" as defined by the Sentencing Guidelines. The District Court did not improperly classify petitioner, and his claim must fail.

## B. Ineffective Assistance of Counsel

Petitioner alleges that counsel had a deficient understanding of the Sentencing Guidelines

resulting in his erroneous classification as a career offender and an invalid waiver. Essentially, petitioner claims that but for counsel's deficient understanding of the Sentencing Guidelines and the erroneous application of the career offender enhancement, petitioner would not have accepted the plea bargain thereby waiving his rights to appeal and collateral attack.

As demonstrated above, however, the District Court properly classified petitioner as a career offender under the Sentencing Guidelines, and as a result, counsel could not have been ineffective as petitioner alleges.

### III.  Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2255 motion [Dckt 149] be **DENIED** and **DISMISSED** with prejudice, and that his request for an evidentiary hearing [Dckt 168] also be **DENIED**.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections also shall be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket, and to counsel of record via electronic means.

DATED: June 13, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE