**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                    **CRIMINAL ACTION NO. 3:09-CR-46-2
(JUDGE GROH)**

**JESSE ALLEN JARVIS,**

    Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION AND MOTION FOR APPOINTMENT OF COUNSEL

On October 16, 2014, the *pro se* Defendant, Jesse Allen Jarvis, filed a "Motion for 2 Level Sentencing Guideline Reduction" [ECF 248] and a Motion to Appoint Counsel [ECF 249].

18 U.S.C. § 3582(c) provides that a district court may not modify a term of imprisonment once it has been imposed except in certain situations. The exceptions include modifications upon motion of the Director of the Bureau of Prisons, modifications expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, and reductions based on sentencing ranges that have been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o).

The Defendant asserts that he is eligible for a sentencing reduction because the Sentencing Commission has lowered his guideline range. The Defendant bases his motion on a proposed amendment to United States Sentencing Guideline § 2D1.1. The proposed amendment provides for a two-level reduction to the base offense levels assigned to the quantities involved in drug offenses according to the Drug Quantity Table. However, the

proposed amendment is not law, and it is not certain that it will become law.

Here, the Court has no authority to modify the Defendant's sentence on the basis asserted. 18 U.S.C. § 3582(c) does not provide any basis to modify the Defendant's sentence as it (1) is not upon motion of the Director of the Bureau of Prisons, (2) is not provided for under Federal Rule of Criminal Procedure 35 to correct a clear error within fourteen days after sentencing or to reduce a sentence for substantial assistance, and (3) is not a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o). In reviewing the Defendant's sentence, the Court does not find it is improper, and the Court does not find any basis for modifying or reducing the Defendant's sentence. Accordingly, the Court **DENIES** the Defendant's "Motion for 2 Level Sentencing Guideline Reduction."

Next, the Defendant requests that the Court appoint him counsel. As noted, under 18 U.S.C. § 3582(c)(2), the lowering of a defendant's sentencing range by the Sentencing Commission justifies a sentencing reduction in certain circumstances. In United States v. Legree, the Fourth Circuit held that there is no right to counsel concerning a § 3582(c)(2) motion. 205 F.3d 724, 730 (4th Cir. 2000). In doing so, the Fourth Circuit drew on the well-recognized principle that a criminal defendant has no right to counsel following his direct appeal. Id. Accordingly, the Court **DENIES** the Defendant's Motion to Appoint Counsel because he has no right to counsel to assist him with a § 3582(c)(2) motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** October 20, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE